IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARRY JOE STULL, | Case No. 3:20-cv-2067-JR |
| Plaintiff, | ORDER |
| v. | |
| JAKOB BUETLER, et al., | |
| Defendants. | |

RUSSO, Magistrate Judge:

Pro se plaintiff, Barry Stull, brings this action alleging violation of the Americans with Disabilities Act and his civil rights. Defendants have filed motions to dismiss. Plaintiff has not filed any pleadings or responses beyond an application requesting *in forma pauperis* status. Instead, plaintiff submitted letters to the Court which, other than implying a need for additional time to respond due to medical issues, have been difficult to decipher.

In an abundance of caution, the Court issues this Order reminding plaintiff that his responses to the motions to dismiss are due May 14, 2021. The Court further advises plaintiff of the pleading standards regarding complaints, however, does not intend to advise plaintiff as to how to respond to the pending motions.

Page 1 – ORDER

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the Court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party (the plaintiff here). Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. Newcal Indus. v. Ikon Office Solution, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Mashiri v. Epstein Grinnell & Howell, 845 F.3d 984, 988 (9th Cir. 2017).

A court must liberally construe the filings of a self-represented, or pro se, plaintiff and afford the plaintiff the benefit of any reasonable doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 854 (9th Cir. 2016) (simplified).[1] Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

The Court refers plaintiff to the Federal Rules of Civil Procedure, notably Rules 8 (complaint pleading requirements) and 12 (motion to dismiss for failure to state a claim), as well as to this Court's Local Rules. Finally, the Clerk is instructed to docket the letter received from plaintiff (dated 4/7/2021) following entry of this Order.

DATED this 9th day of April, 2021.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge

---

[1] This order uses (simplified) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. See, e.g., United States v. King, 985 F.3d 702, 707-08 (9th Cir. 2021); United States v. Gear, 985 F.3d 759, 763-64 (9th Cir. 2021); Syed v. Barr, 969 F.3d 1012, 1017 (9th Cir. 2020); Monical v. Marion Cnty., 2021 WL 228891, at *4 (D. Or. Jan. 22, 2021).