IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BARRY JOE STULL**,

    Plaintiff,

v.

**JAKOB BUETLER, ET AL.**,

    Defendants.

Case No. 3:20-cv-02067-JR

**ORDER**

**IMMERGUT, District Judge.**

On September 22, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), ECF 71, recommending that this Court grant the motions to dismiss, ECF 14, 18, 20, 23, 26, 27, 29, 31, 34, 42, and 48, and dismiss Plaintiff's complaint, ECF 1. No party filed objections. For the following reasons, the Court ADOPTS Judge Russo's F&R as supplemented herein.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de

PAGE 1 – ORDER

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The Court adopts Judge Russo's findings and recommendation granting the motions to dismiss, ECF 14, 18, 20, 23, 26, 27, 29, 31, 34, 42, and 48, and dismissing Plaintiff's Complaint against all defendants, ECF 1. Although Judge Russo recommends that the Complaint be dismissed, the following defendants were not expressly addressed in the F&R: Jeremy D. Price, Bryant Enge, Kyle Dean Sheppard, Kelly Doyle, James Wood, Unidentified G4S Personnel, Unidentified Multnomah County Sheriff Office Personnel, Unidentified Portland Police Bureau Personnel, and Unidentified Adventist Hospital Security Officers. To the extent that Judge Russo's F&R could be construed as addressing only those defendants who have moved for dismissal, this Court supplements the F&R to address why the remaining defendants should also be dismissed.

A trial court may sua sponte dismiss claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, even shortly before trial. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its

PAGE 2 – ORDER

own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

First, as to Defendants Enge and Price, Plaintiffs' claims against them are "integrally related" and they are "in a position similar to that of moving [City of Portland] defendants." *Silverton*, 644 F.2d at 1345. Plaintiff alleges that Enge mischaracterized Plaintiff's conduct on November 23, 2015 "in an ongoing effort to silence" him, and "promulgated the December 1, 2015 notice of exclusion" as to Plaintiff. ECF 1 at 25–26. Plaintiff alleges that Price "escorted Stull from the Council Chambers" and transported Stull with Defendant Engstrom during the November 2015 incident. ECF 1 at 28–29. As Judge Russo noted, the alleged conduct occurred prior to November 30, 2018 and the claims against Enge and Price are therefore barred by the applicable statute of limitations. *See* ECF 71 at 11; *see also* ECF 1 at 28–29.[1] The same holds true for those claims as to G4S employee, Defendant Wood, and Unidentified G4S Personnel. Plaintiff's claims against G4S and its employees all stem from an incident on November 24, 2015, which falls outside the applicable statute of limitations. *See id*. at 26–27.

This Court may properly dismiss the claims against Unidentified Adventist Hospital Security Officers because they are "integrally related" to those against Adventist Medical Center,

---

[1] For those same reasons regarding the statute of limitations, the claims against Unidentified Multnomah County Sheriff Office Personnel and Unidentified Portland Police Bureau Personnel should be dismissed as well. *See, e.g.*, ECF 1 at 23, 29, 31 (referencing conduct by unidentified "Multnomah County Sheriff" personnel occurring in November 2015); *id*. at 13, 15–16, 18, 21–22 (referencing conduct by unidentified "Portland Police Bureau" personnel occurring in November 2015). As Judge Russo notes in her F&R, Plaintiff does bring claims against two unidentified Portland Police Bureau officers for allegedly driving at a high speed over bumps, injuring Plaintiff in 2020. *See id*. at 45. This Court agrees with Judge Russo's assessment that Plaintiff failed to plausibly allege any constitutional violations stemming from this conduct. ECF 71 at 13–15.

PAGE 3 – ORDER

which filed a motion to dismiss. ECF 14. Judge Russo found that Plaintiff failed to allege a colorable claim under § 1983 against Adventist Medical Center, and lacked standing to bring his ADA claim. ECF 71 at 2–5. These findings apply equally to any Adventist personnel allegedly involved in the same incidents, and therefore, Unidentified Adventist Hospital Security Officers are properly dismissed.

The claims against Defendant Sheppard are also properly dismissed. Plaintiff alleges that Sheppard threatened him while on a TriMet bus. ECF 1 at 35 ("Stull knew that stranger's language was specifically addressed to Stull's status as a person with a disability and his threat was a crime[.]"). For the same reasons identified by Judge Russo in dismissing the claims against the TriMet defendants, ECF 71 at 20, the claims against Sheppard should be dismissed.[2]

Finally, Plaintiff alleges that Defendant Doyle, who was appointed as Plaintiff's "legal advisor" and "defense attorney," spoke with Plaintiff on August 27, 2020 and "ended the conversation by saying he'd speak with Stull the next week, then didn't," ECF 1 at 48–49. Plaintiff also alleges that he failed to "receive[ ] discovery in the two cases assigned to Kelly Doyle." *Id*. at 49. Finally, Plaintiff claims that at the time "a warrant was issued for Stull's failure to appear in court . . . Stull was represented by [D]efendant Kelly Doyle, and both Mr. Doyle and the court had Stull's telephone number," but "no one told Stull about the October 9, 2020 court date." *Id*. at 50–51. Plaintiff fails to plausibly allege any cause of action based on these facts. Accordingly, the claims against Doyle should be dismissed.

---

[2] Additionally, the Court notes that Defendant Sheppard appears to be a private citizen; without additional facts, Plaintiff cannot state a cause of action against him under the ADA or § 1983. *See West v. Atkins*, 487 U.S. 42, 48–49 (1988) (explaining state action requirement).

PAGE 4 – ORDER

## CONCLUSION

This Court adopts Judge Russo's F&R, ECF 71, as supplemented. This Court GRANTS the Motions to Dismiss, ECF 14, 18, 20, 23, 26, 27, 29, 31, 34, 42, and 48, and DISMISSES the Complaint, ECF 1, without prejudice. As explained in this Order, all defendants are hereby dismissed. Plaintiff may file an amended complaint within 14 days of the date of this Order, curing the deficiencies noted above. As noted in Judge Russo's F&R, if Plaintiff chooses to file an amended complaint, Plaintiff must properly serve the defendants under the Federal Rules of Civil Procedure. If necessary, Plaintiff must seek an extension of time in which to properly serve defendants. Failure to file an amended complaint within 14 days will result in the dismissal of this proceeding, with prejudice.

**IT IS SO ORDERED**.

DATED this 14th day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge